**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 20-CR-10012-KMM**

**UNITED STATES OF AMERICA
    Plaintiff,**
vs.

**ROBERT JAMES BROWN,
    Defendant.**
_____/

**UNITED STATES OF AMERICA'S MOTION FOR AN UPWARD VARIANCE**

The United States of America, through its undersigned Assistant United States Attorney, hereby files this motion requesting the Court to vary upward from the advisory sentencing guidelines' imprisonment range of 180 months and sentence the Defendant to 300 months' imprisonment, and states the following in support thereof:

**I.    Factual Background**

On January 21, 2022, the Defendant pled guilty to one count of Failure to Register under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a), and one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). The Defendant faces a statutory minimum imprisonment sentence of 15 years and a statutory maximum imprisonment sentence of 40 years.

The Defendant is a registered sex offender based on a 2018 Colorado conviction for Unlawful Sexual Contact, without consent, in violation of Colorado Revised Statutes, § 18-3-404(1)(a). According to the Arrest Affidavit in that case, the Defendant interacted with an undercover Homeland Security Investigations agent using an internet chat service. The Defendant messaged the undercover agent regarding his interest in engaging in sexual acts. The undercover agent stated, "yeah right if I told u I had a 14 year old daughter and we liked to fuck guys together

u would run to the mountains." The Defendant responded, "fill you both with hot seed Then eat your pussies," "Nope I'll cum right now," "I'll fuck you both right now," and "I'll eat her ass and pussy while [] you suck my chick," and "Cock." When the Agent asked, "u know fucking a 14 year old is illegal right[?]" The Defendant responded, "Yep," "Lol; I can keep a secret," and "Her first then while you watch." After being asked if he was role playing, the Defendant stated, "I like role play," "I've been looking for you 2 though," and "Let's meet." He followed up stating, "I'm talking real," "Right now I'm serious," and "Yes." The Defendant then sent the undercover agent several nude photographs, including photographs of his genitalia. The Defendant agreed to meet at a hotel; he sent the agent several photographs indicating he was near the hotel and the inside of his hotel room. In the messages, the Defendant indicated that he wanted to meet with the mother and her 14-year-old daughter together in front of the hotel. The Defendant was placed under arrest after pulling up outside of the hotel where he was supposed to meet with the mother and her minor daughter.

The Defendant was ultimately sentenced to jail after violating his probation for failing to comply with the conditions of probation in November 2019. The Defendant completed a sexual offender registration form, acknowledging his duty to register as a sex offender. After his release from jail in Colorado, the Defendant failed to register as a sex offender. The Defendant was terminated or discharged from the probationary portion of his sentence in Colorado based on his failure to register. An arrest warrant was also issued in Colorado for his failure to register on June 10, 2020 (2020M14796). The Defendant thereafter moved to Key West and never updated his sex offender registration.

Less than one year after his sex offense conviction in Colorado, on August 11, 2020, the Defendant was found to be in possession of approximately 20,000 images of child pornography,

including sexually explicit images and videos of prepubescent minors and toddlers while living on a boat in Key West. Between August 2, 2020 and August 5, 2020 alone, the Defendant downloaded at least 100 videos containing CP (File names include: "153___Xxx - Pthc - Dad & Younger Dauther Annie Self Filmed.mpg," "Andina3 Five Yo Pthc,Pedo,Incest,Kiddy 7m35S.mpg," and "Frifam Pedo New Serie 2011 (Pthc) Julia 8Yo Lisa 4Yo Mike 7Yo Lara 8Yo.avi").

**II.     An upward variance is necessary in order to protect the public from the Defendant, reflect the seriousness of the offense, and afford adequate deterrence.**

The Eleventh Circuit has consistently upheld upward variances from the advisory guidelines for child exploitation offenses, including the possession, transportation, receipt, and distribution of child pornography, where district courts have considered and balanced the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Brown*, 772 F.3d 1262, 1266-67 (11th Cir. 2014) (240-month sentence affirmed as reasonable for possession and receipt of child pornography where the district court found that the need to protect the public was "perhaps [the] most important aspect," and varied upward from an advisory guidelines range of 78-97 months); *United States v. Kapordelis*, 569 F.3d 1291 (11th Cir. 2009) (affirming as reasonable a 420-month upward variance sentence from advisory guideline range of 262-327 months' imprisonment, for defendant convicted of producing, receiving, and possessing child pornography); *United States v. Brown*, 635 Fed. App'x 839 (11th Cir. 2016) (affirming as reasonable an upward variance sentence of 240 months' imprisonment from advisory guideline range of 168-210 months' imprisonment for 62-year-old, essentially wheelchair-bound defendant convicted of possession of child pornography).

In *United States v. Turner*, 626 F.3d 566 (11th Cir. 2010), the Eleventh Circuit upheld the district court's upward variance of 90 months from the high end of the advisory guidelines range of 180 to 210 months where the defendant, who was charged with receipt and possession of child

3

pornography, received over the internet, and then stored, over 600 images of child pornography. The Eleventh Circuit noted that the district court, in determining an appropriate sentence, stressed the nature and circumstances of the offense, the defendant's history and characteristics, the need to promote respect for the law and provide just punishment, and the need to deter the defendant. *Id.* at 571. The Court reiterated that, "receiving and possessing child pornography helps create a market for more pornography, encouraging the victimization of more children." *Id. at 574. See also United States v. Pugh,* 515 F.3d 1179, 1196–97 (11th Cir.2008). The Court recognized that the defendant posed "a more dangerous threat to society than many child pornography defendants given his history of actually abusing a small child and the increased recidivism of child sexual abusers." Further, while the defendant's prior conviction was already taken into account through the application of a sentencing enhancement, the Court noted that district court "was not precluded from also considering it under the § 3553(a) factors."

The Defendant here has proven through his own words and conduct that he has a desire to sexually exploit children, and that he will continue do so unless and until he is removed from society. A substantial sentence is required here to address the nature, circumstances, and seriousness of the offenses; the Defendant's history and characteristics; the need for the sentence to promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the Defendant; and the harm suffered by the child victims. *See* 18 U.S.C. § 3553(a)(1) and (2).

The Defendant here possessed over 20,000 images of child pornography, including sexually explicit images and videos of prepubescent minors and toddlers.[1] A substantial sentence

---

[1] Based on the length of the videos found on one the Defendant's phone, an upward departure may be warranted. *See* § 2G2.2 n. 6(B)(ii) ("If the length of the visual depiction is substantially more than 5 minutes, an upward departure may be warranted.").

is required to address the nature, circumstances, and seriousness of the offenses and provide just punishment. By receiving and possessing child pornography, the Defendant participated in a market that thrives on the raping of young children for others' viewing pleasure. This market will continue for as long as there is consumer demand. *See New York v. Ferber,* 458 U.S. 747, 758-59, n. 9-10 (1982) ("Sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults."). The Eleventh Circuit has consistently recognized that, "possession of child pornography is not a victimless crime. A child somewhere was used to produce the images downloaded by [the defendant], in large part, because individuals like [the defendant] exist to download the images." *United States v. Yuknavich*, 419 F.3d 1302, 1310 (11th Cir. 2005); *See United States v. Fleming*, 848 F. App'x 882, 883 (11th Cir. 2021). For example, Sarah,[2] one of the identified victims in this case, has submitted a victim impact statement detailing her trauma. (DE 38, Attachment 4). Sarah states that she feels powerless, not knowing of anything she can do to get photos of her being abused off of the internet. She states that every time someone looks at the images of her, they are abusing her again for their pleasure. Sarah endures the effects of her abuse on a daily basis, and the Defendant viewed not only Sarah's abuse, but also that of others, for sexual gratification. Therefore, not only should the Court's sentence specifically deter the Defendant from engaging in the future sexual exploitation and abuse of children, but should generally deter others like the Defendant. *See Pugh*, 515 F.3d at 1194 (stating that general deterrence is one of the key purposes of sentencing).

      The Defendant's chats and overt attempt to meet with what he believed was a mother and her minor daughter to engage in sexual acts in Colorado in 2018, demonstrate that the Defendant

---

[2] "Sarah" is not the actual name of the victim.

has a sexual preference for children and is a danger to society; therefore, a substantial sentence is also required to address the history and characteristics of the Defendant and to protect the public from further crimes of the Defendant. Viewing child pornography only reinforces fantasies for a predator like the Defendant. Further, the Defendant already spent time in jail for an offense involving sexual contact or attempted sexual contact with a minor and, upon his release, immediately began downloading horrific images of young children being abused. The Defendant failed to update his sex offender registration, and essentially went "off the radar," moving across state lines to a boat in Key West. *See* 42 U.S.C. § 16901 (explaining Congress' intent to "protect the public from sex offenders" and listing seventeen instances where children were abducted and murdered). The Defendant's imprisonment in Colorado apparently had no deterrent effect; in light of the prior offense and the Defendant's conduct immediately upon release, he poses a clear danger to society. The Defendant cannot be trusted to regulate his own behavior and a substantial sentence is needed to do so. *See United States v. Bishop*, 683 F. App'x 899 (11th Cir. 2017) (affirming sentence 100 months above guidelines range of 180 months where defendant was previously imprisoned for offense involving sexual contact or attempted sexual contact with minor and, upon his release, immediately began downloading horrific images of very young children being abused).

Further, while the Defendant qualifies for a fifteen-year mandatory minimum sentence due to his prior conviction, the prior conviction would have triggered the fifteen-year mandatory minimum enhancement even if his offense had involved only a single image of child pornography involving a child under age 12, *see* 18 U.S.C. § 2252(b)(1). The Defendant's offense here involved many more images than that—over 20,000 images of children as young as five-years-old being, among other things, penetrated orally, anally, and vaginally by adult males. (DE 33, PSR ¶ 17).

6

His offense, therefore, was much worse than the minimum that would have required the imposition of at least a fifteen-year sentence under § 2255(b)(1).

### III. Conclusion

Wherefore, the United States respectfully requests that the Court vary upwards from the advisory sentencing range and impose a sentence of 300 months' imprisonment which, in light of a 40-year statutory maximum, is sufficient but not greater than necessary in order to protect the public from the Defendant, reflect the seriousness of the offense, and to afford adequate deterrence to criminal conduct for both the Defendant and others who are similarly situated. 18 U.S.C. § 3553(a).

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: _____
Elena Smukler
Assistant United States Attorney
Florida Bar No. 91025
99 N.E. 4th Street
Miami, Florida 33132
Tel: (954) 961-9444
Email: elena.smukler@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on April 15, 2022.

_____
Elena Smukler
Assistant United States Attorney